# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY A. JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 2:14-CV-229-VEH** |
| ) | |
| **JEFFERSON COUNTY JAIL, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case comes before the court on the plaintiff's affidavit to proceed *in forma pauperis.* (Doc. 9). 28 U.S.C. § 1915 (2006) governs proceedings in forma pauperis for nonprisoner plaintiffs such as Mr. Jackson. *See Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."); *see also Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) ("We agree with the analysis of the Sixth Circuit and hold that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed i.f.p."). The statute also provides that

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious[,]

fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B)(i), (ii), (iii).

## I.     PROCEDURAL HISTORY

The court first addressed this motion in its order of May 12, 2014.  (Doc. 10).  In that order the court noted:

> In the caption of his complaint, the plaintiff names the following defendants in this case: the "Jefferson County Jail," the Adamsville Police Department, American Family Care Foresdale [sic], and "Officer Shaw and Officer Dees."  (Doc. 1 at 1).  In the body of his complaint he also names: "Adamsville" as a defendant.
>
> As his "Statement of Claim" the plaintiff writes:
>
> > I want 5 million dollars from this due to the fact it was God grace I did not die[.] Just went into a coma for 3 days. Really was dead[.] Coma is death[.] All because of them[.] They hurted [sic] me and got me hurt for life now I use a walking cane for life due to this[.] Is there any justice in these United States in 2014[?]
>
> (Doc. 1 at 3-4).  Elsewhere in the complaint the plaintiff writes "Almost killed me because I am a black male."  (Doc. 1 at 3).  Because the complaint merely conclusively alleges that defendants are responsible for the plaintiff's alleged injuries, the complaint fails to state a claim upon which relief may be granted.  *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

(Doc. 10 at 2).  The court then wrote:

In spite of the foregoing, it is hereby **ORDERED, ADJUDGED**, and **DECREED** as follows:

1. No later than June 1, 2014, the plaintiff shall file a complete **AMENDED COMPLAINT** which clearly sets out in separate numbered paragraphs:

    a. The names and addresses of each person or entity which the plaintiff wishes to sue;

    b. What **EACH** defendant did to the plaintiff **INCLUDING THE DATES** of each such act or omission;

    c. The causes of action the plaintiff claims against **EACH** defendant and/or the laws which the plaintiff claims were violated by **EACH** defendant; and

    d. The relief requested by the plaintiff.

2. The court **DEFERS** ruling on the instant motion until the plaintiff has filed the aforementioned amendment.

3. Should the amendment not be filed by June 1, 2014, this action will be **DISMISSED** for failure to prosecute.

The court notes that, in some respects, this appears to be the same claim the plaintiff alleged in 2:14-cv-00228-VEH, *Jackson v. Jefferson County Jail, et al.*, a case which was also before the undersigned. This court dismissed that case as frivolous. (2:14-cv-00228-VEH, *Jackson v. Jefferson County Jail, et al.*, doc. 11 at 2-9). In his amended complaint, the plaintiff shall state specifically whether he is attempting to bring the same claim now as he did in that previous case.

(Doc. 10 at 3) (emphasis in original).

On May 29, 2014, the plaintiff filed a second complaint which fails to follow the court's instructions. (Doc. 11). Instead, the plaintiff has merely filled out a "General Complaint Form for Pro Se Litigants." (Doc. 11). Across the top of this document is written: "Stop playing give me proper justice look at 91:238-S *Jackson v. Nagle*." (Doc. 11 at 1).[1] Also written in the caption of this document is the phrase "Have the Justice [D]epartment contact you." (Doc. 11 at 1). In the caption, the document names as defendants: "Jefferson County Jail," the Adamsville Police Department, Family Care Foresdale, "Officer Shaw" and "Officer Dees." (Doc. 11 at 1). In the section of the form which asks the plaintiff to state the facts of his case, he has written:

> They knew my health was bad and I had my meds but they would not allow me to take them my meds is what keep me alive my doctor will tell you this that my meds keep me living that's why I went into a coma and almost died. I sent my medical records to you and you still is going to make a lie out of me[.]

(Doc. 11 at 2-3). Under the section entitled "relief," the plaintiff has written: "give me my proper justice and my proper dues, you know they almost killed me in

---

[1] The court has changed some quotes, and some portions of quotes, without notation. Any change made was simply to change clear spelling issues, or substitute the full word in place of an unclear abbreviation used by the plaintiff. Notations to each of these changes would have made the document unreadable. Further, for the same reason, and in an effort to include, as best it can, the true meaning of what the plaintiff has written, the court has included many quotes without changes, and has not noted with "sic" or any other signal, obvious grammatical errors.

November – 2013 you have my medical records Judge you know I am right with this what it is you hate black people[.]" (Doc. 11 at 3).

A new *in forma pauperis* affidavit is attached to the complaint. (Doc. 11 at 5-9). Other than to state in several places that the plaintiff is without means to pay the fees in this case, he also writes:

> I have all my proof about what happen to me could you send my case to the 11th Circuit in Atlanta maybe I can get my proper justice I feel this pain and unable to walk without falling what type judge are you when I have showed you the whole truth. I want to settle out and get out of this slave state. It's still Jim Crow here you show me that

(Doc. 11 at 9). Also attached to the complaint is a form for a summons which has written on it: "The courts is not doing me right on this matter I'm telling the truth but Ms. V.E.H. is trying to make a lie of me That is wrong." (Doc. 11 at 10).

**II.   ANALYSIS**

First, the plaintiff has failed to comply with the court's requirements for setting out his claim in detail. The plaintiff also does not state specifically whether he is attempting to bring the same claim now as he did in 2:14-cv-00228-VEH, *Jackson v. Jefferson County Jail, et al*. The new complaint adds little, if anything, to this case in terms of facts, and does not specify any conduct on the part of any particular defendant. For these reasons alone, the case should be dismissed.

In addition, the court also notes that "the Jefferson County Jail" is not a proper

legal entity subject to suit. *See*, *Bird v. Chatham Cnty. Det. Ctr.*, CV407-150, 2008 WL 68842 at *4 (S.D. Ga. Jan. 2, 2008) (and cases cited therein). Similarly the Adamsville Police Department is due to be dismissed. *See, Howard v. City of Demopolis, Ala.*, CIV.A. 2:12-0522-KDM, 2013 WL 6158374 at *5 (S.D. Ala. Nov. 25, 2013) (DuBose, J.) ("[P]olice departments are not a proper legal entity capable of being sued.") (and cases cited therein).

The complaint contains no facts which state that "Family Care Foresdale" (identified as American Family Care Foresdale on the court's docket sheet) did anything to the plaintiff. Similarly, there is no allegation that Jotta E. Nagle and the Alabama Department of Corrections (both named on the court's docket sheet but not named or referenced in the complaint) did anything to the plaintiff. These three defendants are due to be dismissed.

The last two defendants are "Officer Shaw" and "Officer Dees." The complaint is not clear as to what police or sheriff's department these individuals belong. They appear to be government actors however. The court will assume that the plaintiff intends to sue these officers in both their individual and official capacities.

Government actors, in their individual capacities, are protected by qualified immunity from civil damage claims, "provided that their conduct does not violate clearly established constitutional rights." *Tinney v. Shores*, 77 F.3d 378, 381 (11th

Cir. 1996). The complaint alleges that the defendants failed to give the plaintiff his medications. However, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, the plaintiff alleges no facts explaining why these officers had any connection whatsoever to the plaintiff, and, even if they did, why that connection requires them to make sure that he gets his medication. For that reason alone, the claims against these officers are due to be dismissed.

    Even if the court were to assume, in the absence of facts, that the plaintiff was in police custody, and that these officers were his custodians, the case still fails. The courts have long recognized that the government has an obligation to provide medical care for those it has incarcerated and that inmates must necessarily rely on prison authorities to meet their medical needs as those needs arise. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Therefore, a prison official's deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Id.* at 104. "If prison guards delay or deny access to medical care or intentionally interfere with

treatment once prescribed, the Eighth Amendment is violated." *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988), *citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Here too however, the plaintiff provides no facts from which the court can discern a plausible claim such as the name and purpose of his medication, or how any one of the defendant's actions "almost killed him." In the absence of such facts, the court cannot say that the plaintiff's Eight Amendment claim is plausible. Therefore, it is due to be dismissed.

To the extent that the complaint makes an official capacity claim against officers under 42 U.S.C. § 1983, it is also due to be dismissed. An official capacity claim is generally "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). The complaint does not say whether these officers are members of a city police force or county sheriff's department, so the court cannot discern against whom (what city or county) the claim is really against. Regardless, under Section 1983, cities and counties can only be liable for their officer's conduct if is a result of an official policy or custom. *Grech v. Clayton County,* 335 F.3d 1326, 1329 (11th Cir.2003); *Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007). Further, if these individuals are deputy sheriffs, "the eleventh amendment [generally] bar[s] a [civil rights] lawsuit against an Alabama sheriff [and his deputies]

8

in [their] official capacity." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).

To the extent that the complaint attempts to allege a claim against the officers based on Alabama law, that claim is also barred for a number of reasons. First, Alabama law provides that "sheriffs and deputy sheriffs are considered executive officers of the state, and are therefore immune from suit in both their official and individual capacities." *Johnson v. Conner*, 720 F.3d 1311, 1313 (11th Cir. 2013). Accordingly, if the officers are deputy sheriffs they are immune from suit. Further, "[section] 6–5–338 of the Alabama Code contains a provision immunizing law enforcement officers from tort liability for conduct within the scope of their discretionary law enforcement duties." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1255-56 (11th Cir. 2010) (citing Ala. Code § 6–5–338(a) (1994)) ("Every peace officer ... shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties."). If these officers are members of a city police force, and <u>assuming</u> that they were custodians of the plaintiff, giving him his medications would be part of their discretionary functions. They therefore have immunity under the statute unless the plaintiff can show that they acted "willfully, maliciously, fraudulently, in bad faith, beyond [their] authority, or under a mistaken interpretation

9

of the law." *Grider*, 618 F.3d at 1255. There are no such allegations in the complaint.

## III. CONCLUSION

Based on the foregoing, the complaint fails to state a claim on which relief may be granted and/or seeks monetary relief against a defendant who is immune from such relief. Pursuant to 28 U.S.C.A. § 1915(e)(2)(B) this action will be **DISMISSED**. The *in forma pauperis* motion will be **DENIED as moot**.

**DONE** and **ORDERED** this 5th day of June, 2014.

                                                *[signature]*
                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge